IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM HENRY OTTO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 1:25-cv-00145-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner William Henry Otto's motions, filed by counsel, for bond pending the outcome of his motion under 28 U.S.C. § 2255, and to amend the Case Management Order ("CMO") to provide expedited disposition. ECF Nos. 6 & 7. In support of his motion for bond, Otto asserts that interim release is warranted because he has substantial constitutional claims in his § 2255 motion upon which he has a high probability of success, and because his health conditions and relatively short sentence render his case extraordinary and exceptional, as generally required for release on bond. In his motion to amend the CMO, Otto argues that, in light of his short sentence, the current schedule may result in his § 2255 motion being resolved after his sentence has expired.

Otto has filed a nearly identical motions under § 2255, for bond, and to amend the CMO with respect to his other, related criminal case in this District before Senior District Judge Stephen N. Limbaugh, Jr., Case No. 1:23-cr-00122-SNLJ. *See* Case No. 1:25-cv-00144-SNLJ.

The Government has opposed Otto's motion for bond, asserting that Otto has not met the high burden required for interim release. After careful review of the record, Otto's motions for bond and to amend the CMO will be denied.

**Procedural History**

Otto pled guilty to charges in two separate but related federal criminal cases: (1) unlawful transfer of firearms, in violation of  18 U.S.C. § 2, 18 U.S.C. § 922(a)(3), and 18 U.S.C. § 924(a)(1)(D), in which Otto was accused of aiding and abetting Shawn Stockard in the unlawful interstate transfer of firearms in the underlying criminal case at issue here, Case No. 1:23-cr-00128-AGF, and (2) engaging in the business of dealing firearms, in violation of 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 924(a)(1)(D), in which Otto was accused of aiding and abetting Terry Allen in the unlawful dealing of firearms in the case before Judge Limbaugh, Case No. 1:23-cr-00122-SNLJ (the "Allen case"). He was sentenced to 32 months' imprisonment in the underlying case, to run concurrent with the sentence of 30 months' imprisonment he received in the Allen case.

As noted above, Otto has filed nearly identical § 2255 motions in both criminal cases.  In each § 2255 motion,  Otto argues that his counsel was ineffective for promising but then failing to object at sentencing to the number of firearms attributable to Otto. Otto argues that this failure increased his sentence and also rendered his plea involuntary.

**DISCUSSION**

Otto seeks release on bond pending a determination of § 2255 motion, under *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986).  "[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent

2

power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (citing cases).  Because it is an exceptional form of relief, the courts have set a high standard.  In *Martin v. Solem*, the Eighth Circuit held release on bond pending disposition of a habeas petition "requires the habeas petitioner to show not only a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts, . . . but also the existence of some circumstance making the request exceptional and deserving of special treatment in the interests of justice."  801 F.2d at 329 (internal quotation marks and citations omitted).

Here, Otto has failed to meet his burden with respect to either requirement.  Based its preliminary review of Otto's § 2255 motion, the Court cannot say at this point that Otto has shown the existence of a substantial federal constitutional claim, much less that the facts of that claim are clear and evident.  Indeed, as the Government notes, Otto's allegations in his § 2255 motion are largely contradicted by his sworn representations during the plea-taking, which "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

Nor has Otto shown exceptional circumstances warrant his interim release. Although Otto has identified health issues such as retinopathy and diabetes (which was diagnosed after his incarceration), these conditions are being managed by the BOP and any relatively minor delays in treatment that Otto has identified, while certainly not ideal,

3

are not so unusual or exceptional as to meet the exceedingly high bar required for interim release.

As to Otto's motion to amend the CMO, the Court notes that the Government has already filed its response to Otto's § 2255 motion, and there is nothing to suggest that there will be excessive delay in the Court's resolution of that motion.  Rather, the Court will prioritize its review of Otto's § 2255 motion on the merits once it is fully briefed and will endeavor to issue a decision as expeditiously as reasonably practicable thereafter.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motions for bond and to amend the Case Management Order are both **DENIED**.  ECF Nos. 6 & 7.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2025.